# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES WALTER ROPER, JR.,**            ) | |
| ) | |
| **Plaintiff,**     ) | |
| ) | |
| v.                                                          ) | Case No. 1:13-cv-00958-JEO |
| ) | |
| **CAROLYN W. COLVIN,**                     ) | |
| **ACTING COMMISSIONER,**            ) | |
| **SOCIAL SECURITY ADMINISTRATION,**   ) | |
| ) | |
| **Defendant.**     ) | |

## MEMORANDUM OPINION

Plaintiff James Walter Roper, Jr., brings this action seeking judicial review of a final adverse decision of the Acting Commissioner of the Social Security Administration ("the Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income (SSI) benefits. (Doc. 11 at 1-2).[1] This court has carefully considered the record, and for the reasons stated below, finds that the decision of the Commissioner is due to be affirmed.

## I.   PROCEDURAL HISTORY

Plaintiff filed an application for DIB and SSI on May 18, 2011, alleging disability beginning March 17, 2011. (R. 54-55).[2] His claim was denied initially. (*Id*.) Thereafter, she requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 19, 2012. (R. 32-53). At the hearing, Plaintiff, represented by an attorney, testified, as did

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

[2] Citations to "R. ___" are to the page of the administrative record, which is found at documents 7-1 to 7-9.

Vocational Expert ("VE") Julia Russell. (*Id*.) Following the hearing, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act. (R. 19-27). She also found that he had a residual functional capacity ("RFC") for sedentary work with limitations for the period at issue. (R. 22). In light of these findings, the ALJ issued a decision on August 23, 2012, denying Plaintiff's claim for DIB and SSI. (R. 27).

Plaintiff requested the Appeals Council review the ALJ's decision and submitted additional evidence in the form of a brief and medical records of psoriatic arthropathy. (R. 4). The Appeals Council declined Plaintiff's request for review. (R. 1). Therefore, the ALJ's decision represents the final decision of the Commissioner. (R. 1). Plaintiff thereafter timely filed this action for judicial review, asserting that the findings of the Commissioner are contrary to the relevant medical evidence and the ALJ misapplied the pain standard when evaluating Plaintiff's claim. (Doc. 11).

## II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court's role is a narrow one: "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d

1233, 1239 (11th Cir. 1983)) (internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted). As just noted, conclusions of law made by the Commissioner are reviewed de novo. *Cornelius,* 936 F.2d at 1145. "No ... presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id*.

## IV. DISCUSSION

### A.     The Facts

#### 1.     Background

At the time of the ALJ's decision, Plaintiff was 45 years old. He was a high school graduate with no college. (R. 37). His past relevant work experience is as a bail bonding agent, a security guard, and an automobile mechanic. (R. 48). He developed severe lower back pain, causing him to stop working full-time March 17, 2011. (R. 21, 38).

At his hearing before the ALJ, Plaintiff testified that he is unable to work due to severe lower back pain. (R. 38). He described how the pain caused his legs and feet to go numb and that the pain is constant. (R. 38-39). He further described experiencing bad headaches and difficulty breathing, making it hard for him to sleep. (*Id*.) He is on pain medication to help him function.

According to Plaintiff's testimony, he cannot walk more than a city block without having to rest. (R. 41). He states that he could stand for 20 minutes before needing to sit, and could sit for 45 minutes before needing to stand. (R. 40-41). He also indicated that he spent roughly three hours a day laying down, trying to alleviate his back pain. (R. 44). Plaintiff estimated, on a scale of 1-10, his pain reached 8-9 on bad days, which he had six days a week. (R. 44-45).

### 2. ALJ Findings

In pertinent part, the ALJ found that Plaintiff has the "severe" physical impairments of "degenerative disc disease of the lumbar spine with bulging and herniated disk, arthritis, asthma, and hypertension." (R. 21). She also determined Plaintiff has "non-severe" impairments of hypothyroidism and diabetes mellitus. (R. 22). Despite finding these impairments "non-severe," she considered them in determining Plaintiff's residual functional capacity ("RFC"). (*Id.*) She further found that Plaintiff had the RFC to perform sedentary work except that he could "sit/stand/walk for 30 minutes to one hour before changing positions; lift/carry 5 pounds frequently, 10 pounds occasionally. He need [sic] to work in a clean, temperature controlled environment." (*Id.*) Next, she found Plaintiff could not perform any past, relevant work but that there are "jobs that exist in significant numbers in the national economy that the claimant can perform." (R. 25-26). Lastly, she found that he was "not disabled" under the Social Security regulations. (R. 27).

### B. Analysis

Plaintiff argues that the ALJ's denial of benefits should be reversed because (1) her decision does not contemplate newly discovered medical evidence and (2) she failed to correctly apply the three-part pain standard. (Doc. 11 at 9). Defendant responds that Plaintiff's new evidence relates to medical records produced after the decision of the ALJ, meaning that they

5

should not be considered in the present application, and even if they were considered, still are not enough to justify a finding of disabled. (Doc. 12 at 6-7). Defendant also denies that the pain standard was misapplied because "Plaintiff failed to meet his burden of providing sufficient evidence. . .of disabling pain and other symptoms." (*Id*. at 15). Finally, Defendant contends that Plaintiff waives all other potential issues because they were not raised on appeal, making the remainder of the ALJ's decision presumptively valid. (*Id*. at 5).

### 1. New Medical Evidence not Presented to ALJ

As to the first matter, Plaintiff argues that the decision should be reversed or, in the alternative, remanded because the finding of the ALJ does not consider new evidence showing that Plaintiff is affected by arthritis in his hands. (Doc. 11 at 7 (citing R. 348-54)). Plaintiff visited Dr. Elizabeth L. Perkins, a rheumatologist, two weeks after his hearing with the ALJ and has submitted her reports as new material evidence to establish his status as disabled. (*Id*.) The report reads, in part, that during the first consultation Plaintiff had "[j]oint pain and stiffness. Hands are swollen and difficulty opening medication bottles." (R. 348). Plaintiff also emphasizes that in the follow-up consultation, Dr. Perkins notes "agree with inability to perform duties of law enforcement requiring manual labor, no education for the administrative roles of law enforcement." (R. 351). Plaintiff concludes that this evidence suggests he cannot even perform the sedentary level jobs recommended by the ALJ because "most require frequent use of the hands." (Doc. 11 at 7).

Defendant responds by pointing out the treatment records of Dr. Perkins that were submitted as new evidence pertain to September 6 and 10, 2012, which are after the ALJ's August 23, 2012 decision. (Doc. 12 at 6). Defendant cites 20 C.F.R. § 404.970 (b) and § 416.1470 (b), noting that the only relevant period for the Appeals Council when reviewing an

ALJ decision ends on the date of the decision.  (Doc. 12 at 6).  As such, the newly submitted evidence should not be considered in the present claim but should be submitted as part of a new claim.  (Doc. 12 at 7).

Furthermore, Defendant argues that even if the court were to consider the new evidence, it does not provide a foundation to overturn the ALJ's decision.  (Doc. 12 at 7).  Defendant notes Dr. Perkins only said Plaintiff lacked the education to perform administrative law enforcement work, not the physical capacity.  (Doc. 12 at 8; *See* R. 351).  Defendant takes this one step further to infer that Dr. Perkins believes Plaintiff is physically capable of performing a desk job.  (Doc. 12 at 8 (citing R. 351)).  As such, Defendant maintains the new evidence is consistent with the ALJ's findings that Plaintiff can no longer perform any of his previous relevant work but retains RFC to perform sedentary work.  (*Id*. (citing R.22-27, 351)).

20 C.F.R. § 404.970(b) provides that, when reviewing the decision of an ALJ, "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative judge hearing decision."  (*See also* 20 C.F.R. § 416.1470(b)).  The Eleventh Circuit has stated, "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.' " *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing § 404.970(b)).

First, the court must determine whether Plaintiff's evidence is new.  The evidence must relate to the period on or before the ALJ's decision date.  *Ingram*, 496 F.3d at 1261.  It is apparent that Plaintiff's additional evidence is not similar to any other contained in the

administrative record in that there is no previous diagnosis of psoriatic arthropathy, a type of arthritis.

Next is whether the evidence is "material" and "chronologically relevant." This is an intertwined question. *See Watkins v. Astrue*, 925 F. Supp. 2d 1257, 1263 (N.D. Ala. 2013). Plaintiff does not offer any evidence to suggest that the diagnosis of psoriatic arthropathy was an undiscovered ailment that, if known, would have altered the ALJ's decision. To the contrary, Plaintiff made no complaints of arthritic pain in his hands during the hearing with the ALJ. (R. 34-53). None of Plaintiff's previously submitted medical records mention arthritic hands,[3] while several note that there is no joint swelling and Plaintiff has normal range of motion in all tested joints. (*See* R. 214, 220, 222, 224, 226, 232, 251, 266). Plaintiff also fails to identify psoriatic arthropathy in his initial application for DIB and SSI. In fact, Plaintiff's initial application for benefits lists activities including mowing the lawn, gardening, household chores, and square dancing, activities that likely would be limited if Plaintiff was affected by psoriatic arthropathy in a significant way at that time. (R. 160-64). While, in his hearing with the ALJ, Plaintiff states that he can no longer participate in any of these activities, he blames his worsening back pain as the reason, making no mention arthritis as a complicating factor. (R. 34-53). Therefore, because none of the medical records during the relevant time period, nor Plaintiff's testimony, indicated debilitating arthritis, the evidence does not show the ALJ would have reached a different result, and the Appeals Council was correct in denying review of the decision. (*See Smith v. Soc. Sec. Admin.*, 272 F. App'x. 789 (11th Cir. 2008) (New evidence of severe pain and depression discovered after the ALJ's decision did not relate to Plaintiff's original claim and thus could not

---

[3] A medical note dated 11/9/2009 does make reference to shoulder tendinitis but states Plaintiff has "nearly full [range of motion]." (R. 217).

have been weighed by the ALJ; Appeals Council was correct to deny remand.)). The record, including medical examinations, suggests that Plaintiff's psoriatic arthropathy is a newly developed impairment, and thus could not have been considered by the ALJ.

Even offering Plaintiff the benefit of the doubt that the new evidence pertains to the relevant period, it does not outweigh the findings of the ALJ. The newly submitted medical records establish that Plaintiff suffers from psoriatic arthropathy but they do not establish he is disabled. (R. 348). Rather, Dr. Perkins notes that, after being treated for only four days, Plaintiff saw marked improvement in joint swelling. (R. 351). Furthermore, the evidence shows that Plaintiff had good joint strength and range of motion. (*Id*.) Dr. Perkins states he was in no acute distress, he had full strength in his joints and intact sensation and grip, and he had a normal gait. (R.348, 351).[4]

Plaintiff claims that this new diagnosis restricts the bilateral use of his hands, severely restricting him from performing even sedentary level jobs. (Doc. 11 at 9). However, this is claim is inconsistent with the evidence presented. Dr. Perkins makes no mention of loss of bilateral movement in the Plaintiff's hands. (R. 348-351). Furthermore, Dr. Perkins' statement that Plaintiff has no education for administrative law enforcement duties arguably implies that Plaintiff can physically perform administrative duties, as the ALJ properly decided. (R. 26). It should also be noted that no weight is given to Dr. Perkins' assessment of Plaintiff's administrative education as there is no evidence in the record of her expertise as a vocational expert. Additionally, her records report Plaintiff having employment as a gunsmith. (R. 348, 351). Such evidence indicates that Plaintiff is capable of performing "substantial gainful

---

[4] The last observation tends to obviate Plaintiff's testimony during the hearing of needing a cane. (R. 40).

employment." *See Douglas v. Comm'r of Soc. Sec.*, 486 F. App'x 72, 75 (11th Cir. 2012) (evidence that the plaintiff was working as a house painter during the relevant period "possibly indicat[es] that he was able to perform substantial gainful activity"). Accordingly, this evidence is consistent with the ALJ's determination that Plaintiff could perform jobs that required only a sedentary level of exertion. (R. 22-27).

In sum, this evidence is not probative during the relevant period and it does not impugn the decision or findings of the ALJ. Plaintiff is entitled to no relief.

 2. **Misapplication of the Three-part Pain Standard**

Plaintiff next asserts that the ALJ failed to properly apply the three-part pain standard. (Doc. 11 at 9). Specifically, he argues that "the medical evidence of record documents an underlying medical condition confirmed by MRI, and treating physicians have noted known pain indicators including limited range of motion of the lumbar spine, tenderness, and straight leg raise, suggesting severe pain." (*Id.* at 12). The Commissioner responds that there is substantial evidence to support the ALJ's credibility finding. (Doc. 12 at 9). Specifically, she states that "the ALJ thoroughly discussed and weighed the evidence, including Plaintiff's medical records, treatment, statements and testimony, and medical opinions in assessing his subjective complaints of disabling pain and other symptoms." (*Id.* at 11-12). Further, she notes, the ALJ did not find Plaintiff pain-free but found "numerous inconsistencies in the record as evidence undermining Plaintiff's allegations of disabling pain and limitations." (*Id.* at 12). As such, she concludes that "[s]ubstantial evidence supports the ALJ credibility finding" concerning Plaintiff's pain and resulting limitations. (*Id.* at 16).

When a claimant asserts disability premised on pain or other subjective symptoms, the

Eleventh Circuit Court of Appeals has set forth the applicable standard for consideration:

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Douglas*, 486 F. App'x at 74.  Recently applying this standard, Chief United States District Judge Karon O. Bowdre stated:

> If an ALJ discredits a claimant's subjective complaints, he must give "explicit and adequate reasons" for his decision.  *See id*. at 1561-62.  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."  *Id.* at 1562.  The ALJ's credibility determination need not cite "particular phrases or formulations" as long as it enables the court to conclude that the ALJ considered the claimant's medical condition as a whole.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (citing *Foote*, 67 F.3d at 1561).

*Siquia v. Colvin*, 3:11-cv-3269-KOB, 2013 WL 5521156, *6 (N.D. Ala. Sept. 30, 2013).

In the present case, the ALJ found that Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms."  (R. 23).  However, she further found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with [the RFC assessment]."  (*Id*.)  In support of this determination, the ALJ compared the subjective testimony of Plaintiff at the hearing with the medical evidence in the record.  (R. 23-26).  The ALJ found that, although Plaintiff complained of debilitating back pain at the hearing, the medical record showed that the pain was manageable through medication.  (R. 24-25).  Furthermore, notes from Dr. Gingles, Plaintiff's chiropractor from February 22, 2011, through July 18, 2012, showed improvement with treatment.  (R. 25, 343-47).  The ALJ also looked at the medical records provided by Drs. Jolani, Mathews, Shah, and Elotum, and found no evidence preventing Plaintiff from

participating in modified sedentary work, per the RFC assessment. (R. 24-25). The ALJ emphasized that Plaintiff's testimony conflicted with his own function report, where he lists his activities to include square dancing, grocery shopping, mowing the lawn, and household chores.[5] (R. 23, 160-65).

The ALJ next looked at Plaintiff's complaint of breathing difficulty and asthma, and found that, while credible, the situation could be managed through proper medical treatment. (R. 24). Specifically, the ALJ noted that Plaintiff had been prescribed Advair as well as an albuterol inhaler to control the symptoms and that the Plaintiff "had a good response" to the treatment. (*Id*.) The ALJ noted that "claimant is restricted to a modified range of sedentary work activity." (*Id*.)

The ALJ also considered the chronic, disabling headaches Plaintiff complained of and found that the evidence did not support Plaintiff's testimony. Specifically, the ALJ noted that only Doctor Shah mentioned headaches and stated that they were occasional, not chronic. (R. 25). As such, the ALJ found that "there is no evidence [the headaches cause] debilitating vocational limitations that would prevent work activity." (*Id*.) Finally, the ALJ looked to the physical summary of Dr. Edward Childs, who concluded that Plaintiff had a RFC in line with the ALJ's decision. (R. 25, 250).

It is important to note that the ALJ did not discount Plaintiff's claims of pain or impairments. In fact, the ALJ made the determination that Plaintiff can no longer perform any of his past work. (R. 25-26). Rather, the ALJ concluded that "[t]here is evidence of impairments but after a thorough review of the record, including the claimant's allegations and

---

[5] Plaintiff's medical records do not evidence a sudden worsening in his condition in the months preceding the June 2012 hearing. (R. 308-46). To the contrary, his chiropractic notes from April and June 2012 indicated improved symptoms. (R. 346 (April 3, 2012 and June 13, 2012 entries)).

testimony, forms completed at the request of Social Security, the objective medical findings, medical opinions, and other relevant evidence ... claimant [is] capable of performing work consistent with the residual functional capacity established in this decision." (R. 25).

This court finds that the ALJ provided a clear, well-documented explanation in determining that Plaintiff's subjective testimony was not fully credible regarding his pain threshold.  There is substantial evidence via objective medical records that support the ALJ's conclusion that Plaintiff has the RFC to complete sedentary work, subject to the limitations noted in the ALJ's decision.  Furthermore, the ALJ found Plaintiff's subjective testimony concerning his pain is not corroborated by the medical evidence, nor Plaintiff's own completed functionality forms. (*Compare* R. 38-47 with R. 160-67, 260-347).[6]  This court is not to reweigh the facts the ALJ and Appeals Council used to determine Plaintiff is not disabled.  Instead, it looks to whether there is substantial evidence in the record to support the ALJ's findings.  This threshold is met and the ALJ's decision is due to be affirmed.

### III.    CONCLUSION

Premised on the foregoing, the court finds that the Commissioner's decision is due to be **AFFIRMED**.  An appropriate order will be entered.

**DONE**, this the 26th day of June, 2014.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge

---

[6] Plaintiff is free to submit a new application for benefits and include evidence of new impairments and worsening conditions. However, this court is limited to evaluating the medical evidence that pertains to Plaintiff's condition up to, but not beyond, the ALJ's decision.